IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00968-KLM

THE SHERWIN-WILLIAMS COMPANY, an Ohio corporation doing business as Sherwin-Williams Automotive Finishes,

    Plaintiff,

v.

IDEAL AUTO BODY INC., a Colorado corporation doing business as Ideal Carstar, and SHEILA SAMUEL, individually,

    Defendants.

---

**ORDER REGARDING MOTIONS PRACTICE AND CIVIL TRIALS**
*(effective November 4, 2015)*
_____

The following procedures and orders supplement the Federal Rules of Civil Procedure and the local rules of this Court. In order to fairly and efficiently try the merits of each case, the Court **ORDERS** as follows:

### I. Motions Practice

**1. Page Limitations.** All motions, whether dispositive or nondispositive, and responses are limited to a total of twenty (20) pages each, absent leave of Court. All replies are limited to a total of ten (10) pages each, absent leave of Court. These page limitations shall include the cover page, jurisdictional statement, statement of facts, procedural history, argument, authority, closing, signature block, and all other matters, except the certificate of service and exhibits.

**2. Partial Motions for Summary Judgment.** Partial motions for summary judgment are encouraged but must be filed by the dispositive motions deadline.

**3. Exhibits to Motions for Summary Judgment.** Exhibits to motions for summary judgment shall be filed on the electronic docket. The parties shall not submit exhibits to Chambers in hard copy, unless otherwise ordered. This procedure does not apply to nondocumentary exhibits such as copies of audio or video recordings.

### II. Final Pretrial Conference/Trial Preparation Conference ("FPTC/TPC")

**1.   Date.**  The FPTC/TPC will be held on **August 22, 2016** at **10:30 a.m.** in Courtroom A401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  Trial counsel must attend in person.

**2. Deadline for filing proposed Final Pretrial Order.**  The proposed Final Pretrial Order is due **no later than August 15, 2016**.

**3.   Instructions for preparation of Proposed Final Pretrial Order**.  The parties must use the form of proposed Final Pretrial Order available on the court's website and as an attachment to the Local Rules, with the following changes:

> - section 6(a)(3) and (b)(3) must be modified to include a statement about proposed use of *videotaped* and non-videotaped deposition testimony.
>
> - section 7(b) must be deleted.

### III. Pretrial Deadlines

**1.  Exchange of exhibit and witness lists.**  The parties must exchange exhibit and witness lists fourteen (14) days before the FPTC/TPC.  Exhibit lists must identify all exhibits by Bates numbers.  Witness lists must identify "will call" witnesses and "may call" witnesses.

**2.  Objections to exhibits and witnesses.**  The parties must file all objections to exhibits and witnesses three (3) days before the FPTC/TPC.

**3.  Trial briefs.**  The parties *may* file Trial Briefs ten (10) days before trial.

**4.  Motions in limine.**  Motions in limine are discouraged.  Instead, the parties may flag evidentiary issues in their trial briefs.  Motions to exclude expert testimony must be filed thirty (30) days after the rebuttal expert witness disclosure deadline set forth in the Scheduling Order.

**5.  Proposed findings of fact and conclusions of law.**  In trials to the Court, the parties must file proposed Findings of Fact and Conclusions of Law five (5) court business days before trial.

**6.  Proposed jury instructions.**  In jury trials, the parties must file proposed jury instructions ten (10) days before trial.  Proposed jury instructions must be in WordPerfect or Word format and include citations of relevant authority in footnotes.

**7.  Special accommodations**.  Counsel must notify my courtroom deputy of any need for special accommodations for any attorney, party or witness, and any need for technological equipment for videoconferencing or electronic presentation of evidence no

later than thirty (30) days before trial.

**8. Settlement.**  Pursuant to D.C.COLO.LCivR 54.2, counsel must notify the court clerk and my Chambers of a settlement before twelve o'clock noon on the last court business day before the scheduled trial date.  The assessment of jury costs may be imposed as a consequence of noncompliance with this instruction.

### IV.  First Day of Trial

**1. Witness lists.**  Three copies of each party's witness list must be provided to the courtroom deputy and one copy to opposing counsel.

**2. Exhibit lists.**  Three copies of each party's exhibit list must be provided to the courtroom deputy and one copy to opposing counsel.

**3. Exhibit notebooks (hard copy exhibits).**

    A.    If a party is presenting documentary evidence by hard copy and not electronically, the party must prepare an exhibit notebook or notebooks containing *original* exhibits, properly marked and tabbed, with pages of each exhibit numbered. The notebook or notebooks must be provided to the courtroom deputy.

    B.    Similar notebooks with exhibit *copies* must be provided to the court and to opposing counsel.  Pages of each exhibit must be numbered.

    C.    In jury trials, a party must provide notebooks containing *copies* of exhibits for each juror.  Pages of each exhibit must be numbered. Stipulated exhibits may be placed in the jurors' notebooks prior to trial. Any other exhibit may be published to the jury for placement in juror notebooks following the exhibit's admission into evidence at trial.

**4. Discs (electronic exhibits).**  If a party is presenting documentary exhibits electronically, the party must prepare a disc or discs containing copies of all exhibits for use at trial.  Copies of the disc or discs must be provided to the courtroom deputy and opposing counsel.  Prior to closing arguments (if possible), the party must prepare a disc containing only those exhibits admitted into evidence for jurors' use during deliberations.

**5. List of stipulated facts.**  Plaintiff must provide an original list of any stipulated facts to the court and two copies to the courtroom deputy.

### V.  General Trial Information

**1. Voir dire.** Counsel will be permitted to conduct voir dire of potential jurors, if trial

is to a jury, for a specified amount of time, to be determined at the Trial Preparation Conference. Accordingly, counsel should be prepared to conduct voir dire at trial as they deem appropriate.

      **2. Courtroom Deputy.** My courtroom deputy's name is Laura Galera. She can be reached at (303) 335-2104. Any questions concerning exhibits or courtroom equipment may be directed to her. If a court reporter is available, the proceedings will be transcribed by the court reporter. If a court reporter is not available, the proceedings will be digitally recorded. Any request for transcripts should be directed to the courtroom deputy. Extraordinary requests, such as for daily copy, should be made at least 30 days in advance of the trial date.

      **3. Law Clerks.** My law clerks can be reached at (303) 335-2770. Please do not call them about issues which are handled by the courtroom deputy, as indicated in this Order.

      **4. Witness salutations.** At trial, all parties and witnesses must be addressed as "Mr.", "Mrs.", "Ms.", "Dr.", etc. Informal references are not permitted except when children are testifying.

      **5. Timing of giving of jury instructions.** In jury trials, instructions will be given prior to closing arguments. The jury will receive copies of written instructions for its deliberations.

      **6.** Trial dates. The four-day Jury Trial is set to begin on **September 26, 2016**, at **9:00 a.m.** in Courtroom A401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

Dated: November 5, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge