IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00968-KLM

THE SHERWIN-WILLIAMS COMPANY, an Ohio corporation doing business as Sherwin-Williams Automotive Finishes,

    Plaintiff,

v.

IDEAL AUTO BODY INC., a Colorado corporation doing business as Ideal Carstar, and SHEILA SAMUEL, individually,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Notice of Motion for Leave to Amend Their Answer to Add Affirmative Defenses Pursuant to D.C.COLO.LCivR 7.1 and FRCP 15(a)** [#28][1] (the "Motion"). Plaintiff filed a Response [#29] in opposition to the Motion. No Reply was filed. The Court has reviewed the Motion, the Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion [#28] is **DENIED**.

Pursuant to the Motion, Defendants seek to amend their Answer [#8] to add three affirmative defenses: (1) "Defendant Ideal's breach of the subject contract was justified by

---

[1] "[#28]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

the Plaintiff's failure to perform its obligations under the agreement;" (2) "Defendant Ideal's full performance of the subject agreement is excused under the Uniform Commercial Code as codified at Ohio Rev. Code Ann. § 1302.60 and § 1302.70;" and (3) "Defendant Ideal is entitled to offsets for damages it suffered as a result of Plaintiff's breach or breaches of the subject contract." [#28-1] at 2-3.

On August 17, 2015, the Court set the deadline to join parties and amend pleadings as September 30, 2015. *See Scheduling Order* [#22] at 7. Because the Motion [#28] was filed on January 5, 2016, i.e., after the deadline to join parties and amend pleadings expired, Defendants must provide good cause for their failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4). If good cause is shown, the Court next considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"In practice, [the Rule 16(b)(4)] standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts. Rule 16's good cause requirement may be satisfied, for example, if [the movant] learns new information through discovery or if the underlying law has changed." *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). Here, however, Defendants fail to provide adequate explanation for their delay in filing the Motion more than three months after the deadline to

do so. *See Reply* [#43] at 4-6. They assert that the following meets the Rule 16(b)(4) good cause standard:

> In this matter, despite initial exhaustive Internet research defense counsel was unable to locate the few similar cases involving similarly situated parties and claims. Defendants' interrogatory to Plaintiff requesting information on all lawsuits was met with an objection that such was too vague, or unduly burdensome to answer. Thereafter, undersigned counsel conducted additional research which turned up a couple of cases in which Sherwin-Williams was or is the plaintiff and which involved identical claims. Undersigned counsel reviewed those cases and the Uniform Commercial Code as codified by the State of Ohio and determined that certain affirmative defenses including those pursuant to the Uniform Commercial Code are applicable. Undersigned counsel also determined that other contemplated defenses were not appropriate as having been denied or otherwise dismissed by the courts in those other cases.

*Motion* [#28-1] at 3-4.

As Plaintiff argues, Defendants have provided no adequate explanation for why the research could not have been conducted in a timely manner. *See Response* [#29] at 5-7. There is no reason given for why the research could not have been completed prior to the deadline for joinder of parties and amendment of pleadings, or why Defendants attempted to rely on Plaintiff to provide such research through an interrogatory. Defendants do not assert that there was a change in the law, or that facts came to light in discovery which required amendment, or any other reason why this request could not have been done prior to September 30, 2015. *See, e.g., Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000) ("Applying the applicable standard to the facts of this case leads me to conclude that the defendants have failed to establish good cause in support of their Motion to Amend. In particular, the defendants admit that the delay in seeking amendment is the result of their failure earlier in the case to do the research necessary to recognize the applicability of the defense they seek to add. There is no assertion that new facts were

developed during discovery that resulted in the need to amend. . . . Nor is the need to amend based upon recent developments in the law."). Defendants do not state that they were diligently conferring with Plaintiff during the period between expiration of the deadline and filing of the Motion. They do not state that any personal or professional circumstances necessitated a delay in refiling the Motion. In short, there is no adequate explanation for the delay.

"While rigid adherence to the pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the pleading amendment deadline requires that parties conduct discovery efficiently and promptly in order to timely comply. *See Granite Southlands Town Ctr. LLC v. Alberta Town Ctr., LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later"); *Sanchez v. City & Cty. of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (noting that "the purpose of the deadline to amend and add contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be").

However, pursuant to *Gorsuch*, in order to meet the Rule 16(b)(4) standard, Defendants must show that the scheduling deadlines could not be met despite their diligent efforts. 771 F.3d at 1241. In the absence of an adequate explanation regarding these efforts, the Court must deny the Motion for failure to comply with the good cause standard

of Rule 16(b)(4).  See *Gorsuch*, 771 F.3d at 1241 ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."); *see also id.* at 1242 ("Because [the plaintiffs] lacked good cause for the delay in amending their complaint, it was within the district court's discretion to deny their motion pursuant to Rule 16(b)(4).").

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#28] is **DENIED**.


Dated:  April 5, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge